*308 ORDER OF REMAND
GARY P. SULLIVAN, Chief Justice.
Maternal grandmother Pearl Hopkins petitions this Court for a review of an Order issued by the Tribal Court on November 7, 2003, returning custody of the above referenced Indian Youth to her biological mother, Julie Hopkins, the Honorable Bryce Wildcat, presiding. For the reasons stated below, the Tribal Court’s order is vacated and the matter is remanded.
Procedural History and Overview
L.H. has lived with her maternal grandmother since November, 2001, when she was removed from her biological mother’s home following allegations of abuse and neglect. On July 23, 2002, the maternal grandmother petitioned the Tribal Court for an order of custody. Judge Wildcat granted her petition by issuing a Temporary Custody Order on July 23, 2002, at which time a hearing was scheduled for August 1, 2002. The natural mother wrote a letter to the Court prior to the hearing date, stating that she agreed that temporary custody in the grandmother would be in child’s best interests, until she, the mother, could obtain permanent housing. The mother reserved her right to re-open the matter upon attainment of permanent housing.
On November 8, 2002, the Court entered its Interim Order granting custody to the maternal grandmother. The grandmother *309 appeared in propria persona while the mother appeared pro se telephonically. After hearing the testimony and reviewing the evidence, the Court found that the mother agreed to continue custody in the grandmother until the mother could find permanent housing. In its order, the Court required, inter alia, that the mother provide a home/social study from either a Tribal or State certified agency. The Court also ordered that the grandmother would have custody during this interim period.
During the next twelve months the Court sent Summons/Supenas to both the natural mother and grandmother on at least three (8) separate occasions, for the purpose of conducting a review hearing, however, there is no evidence in the record indicating that any such review hearing was held.
On November 7, 2003, a hearing was held, at which the grandmother again appeared personally and the mother appeared telephonically from Bismarck, North Dakota. The Court found that the mother had substantially complied with the Court’s previous order and awarded custody to the mother following the last day of school before the Christmas recess. Notwithstanding this finding, no home study was conducted. Other than a housing voucher having been submitted, there is no evidence that the Court was made aware of the mother’s new permanent housing.
The grandmother filed her timely Petition for Review on November 17, 2003, and, with the help of a Lay Counselor, the grandmother filed a Motion for Reconsideration and Request for Stay in the Tribal Court on November 21, 2003. The Tribal Court denied the Motion for Reconsideration but granted-the Stay of its order on November 24, 2003. Grandmother’s petition for review alleges that the Tribal Court failed to consider the desires of the child and that the Court erred in not requiring a home study prior to replacing the child in the mother’s new permanent housing.
Applicable Law
Custody actions outside of divorce and annulment proceedings are governed by Title X CCOJ 2000 § 304a which imposes the standards set forth in Title X CCOJ 2000 § 304(a) and 304(b). § 304(b) states in part: “... In determining the best interests of the child, the Court shall consider the relative ability of the parents to provide adequate food, clothing, shelter, medical care, love and emotional support and day-to-day supervision.” (Emphasis ours.) In order to meet this very important requirement in view of all the attendant circumstances, we feel that the Tribal Court was obliged to honor its previous order requiring the mother to submit a home study before granting custody to the mother. Without the home/social study by a certified agency we do not believe that the Court was able to adequately assess the environment in which it placed the child. We also note that the grandmother was aware of the Court’s previous order requiring a home/social study and may have relied upon this requirement being met. Such reliance could have altered the grandmother’s preparation and posture for the hearing. In any case, the absence of the home study prevented the Court from adequately determining the child’s best interests in accord with § 304(b).
§ 304(b) also requires that the Court consider the child’s desires: “The Court shall also take into account the desires of the child.” Here we have an 11 year old girl who, according to a statement given to a social worker and the declaration of the grandmother in her petition, does not want to leave her present home to go and live with her mother. We note that “considering” the child’s desires does not *310 mean that the Court is obliged to allow the child to dictate the outcome of the custodial proceedings. However, “considering” the child’s desires does mean just that: the Court must at least reflect and give weight to the child’s wishes. Obviously the Court will weigh the age and maturity of the child in such consideration. With permission from both parties, the Court will often want to interview the child privately in chambers, away from all of the parental, custodial and other influences which may burden the child’s candor. Regrettably, the Court was dead silent on the issue of L. H-’s desire and yet it was one of the major issues in the grandmother’s petition in the first instance.
We encourage the Court to review our holding in In re: M.M. (Owens v. Matthews) FPCOA # 336, 2000 WL 35716694, 2 Am. Tribal Law 215 (2000) wherein we stated:
“... 14. To comport with the requirements of § 304(b), our Tribal Courts must make findings that reflect the factual basis for their ‘bottom line’ decisions. In doing so, the Court should set forth the occasion that brings the matter to the Court’s attention (i.e. a non-eusto-dial parent’s petition for custody, etc.), brief basic facts about the children in controversy, a brief history of the living conditions and environment of those children immediately prior to the matter coming before the Court, the legal custodial status of the children immediately prior to the pending petition, as much relevant information regarding the adult litigants as is available, as well as all of the elements of ‘best interests of the child’ set forth in as much detail as necessary to place the litigants on notice of how and why the Court made its decision.” As shown above, the Court’s order falls short of the: standard set forth in In re: M.M.
For the reasons stated, we vacate the Tribal Court order granting custody to the mother and remand the matter for a new hearing consistent with this Order.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
The Order dismissing the Petition is affirmed.